IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DAVID RODRIGUEZ-ROBLES,** | ) | CASE NO. 4:23 CV 1285 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| **WARDEN, FCI ELKTON,** | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

*Pro se* Petitioner David Rodriguez-Robles, is a federal prisoner currently in custody at Federal Correctional Institution, Elkton (FCI Elkton). He filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prisons' (BOP) determination that he is ineligibility to receive earned time credits under the First Step Act (FSA) because he has received a Final Order of Removal (Doc. No. 1). Petitioner contends that he accumulated those time credits before the issuance of the Final Order of Removal, and that he should be permitted to apply those credits to his sentence to accelerate his access to pre-release custody or supervised release. For the reasons that follow, the Court dismisses this action.

### I.     Background

Petitioner was ordered to be removed from the United States by an immigration judge on December 15, 2009. He was deported but illegally reentered the United States. He was arrested on October 23, 2020 and charged with possession of methamphetamine with intent to distribute. He pled guilty to the charge and was sentenced on June 9, 2021, to a 44-month term of

imprisonment and a 36-month term of supervised release.  He began to serve his prison sentence on March 15, 2022.

**Petitioner alleges the Bureau of Prisons (BOP) initially calculated his scheduled release date to be June 27, 2023.  This date was based on application of 165 days of FSA earned time credits which he accumulated by participating in risk-reduction programming activities.**  The Department of Homeland Security ("DHS") placed an immigration detainer on Petitioner on January 9, 2023. On April 17, 2023, DHS served Petitioner with a Notice of Intent/Decision to Reinstate Prior Order of Removal from the United States upon the completion of his sentence. DHS reinstated the previous order and amended the detainer on May 31, 2023. Based on the Final Order of Removal, the Bureau of Prisons determined he was ineligible for application of earned time credits under the FSA.

Petitioner does not dispute that he is subject to a Final Order of Removal. He reasons that the FSA prevents him from accumulating additional earned time credits after the Final Order of Removal is issued but argues he should be able to apply the earned time credits he accumulated prior to the issuance of the Final Order of Removal. He asserts that the BOP's denial of application of these time credits under the FSA violates Ex Post Facto, denies him equal protection, and denied him due process. He also seeks relief under the Administrative Procedures Act.

Petitioner admits he did not exhaust his administrative remedies prior to bringing this case. He argues exhaustion would be futile as he was advised by his unit staff that the BOP would not change its mind. He also claims he will suffer irreparable harm as the administrative process can take months to conclude.

## II. Legal Standard and Analysis

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). This Court, however, may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

The responsibility for computing sentences and applying sentencing credits lies with the BOP. *Nieves v. Warden, FCI Elkton*, No. 4:19-cv-1966, 2020 U.S. Dist. LEXIS 3581, at *5 (N.D. Ohio Jan. 9, 2020). Therefore, before a prisoner seeks habeas relief under 28 U.S.C. § 2241 to challenge the application of sentencing credits, he must fully exhaust his administrative remedies within the BOP. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231-33 (6th Cir. 2006). Exhaustion serves two important functions: (1) it protects administrative agency authority, providing the agency an opportunity to correct its own mistakes before being hailed into federal court; and (2) it promotes efficiency, providing a means to resolve claims more quickly and economically before an agency rather than in litigation in federal court. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). *See also Fazzini*, 473

F.3d at 232; *Blumling v. United States*, No. 4:19cv2587, 2020 U.S. Dist. LEXIS 133248, at *19 (N.D. Ohio July 28, 2020).

To exhaust their administrative remedies, federal prisoners must proceed through the following steps: (1) attempt informal resolution with prison staff; (2) if the prisoner achieves no satisfaction informally, he must then file a written complaint with the warden; (3) followed by an appeal to the regional director of the federal BOP; and finally; (4) if the prisoner has received no satisfaction, he may appeal to the office of the General Counsel. *See* 28 CFR §§ 542.10-16; *Chastain v. Williams*, No. 4:20-CV-01036, 2020 U.S. Dist. LEXIS 188104, at *7 (N.D. Ohio Oct. 9, 2020). "An inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999).

In most cases, exhaustion is the rule, and failure to exhaust administrative remedies will preclude federal habeas review. *Fazzini*, 473 F.3d at 232. In rare cases, however, where administrative remedies are inadequate or futile, or exhaustion would result in irreparable harm, exhaustion of administrative remedies is not required. *See Aron v. LaManna*, 4 Fed.Appx. 232, 233 (6th Cir. 2001) (unpublished) (noting exceptions); *Goar v. Civiletti*, 688 F.2d 27, 28–29 (6th Cir. 1982) ("A long line of Supreme Court cases recognizes the rule that a party need not exhaust administrative remedies before bringing a claim to federal court when the administrative remedy is inadequate or cannot provide the relief requested.").

Here, Petitioner must exhaust his administrative remedies. He states that he submitted an informal resolution to his unit team but based on the presence of the final order of removal, they denied his request. He states his unit team informed him that the BOP would not change its position on awarding him credit and any further requests should be submitted to the DHS to challenge the

validity of the removal order. While his unit team may be correct in its assumption that the Warden and BOP will not change their stance on the application of earned time credits, the law still requires Petitioner to present his claim to them for consideration.

### III.    Conclusion

The Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed without prejudice pursuant to 28 U.S.C. § 2243. I further certify, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ *David A. Ruiz*
DAVID A. RUIZ
UNITED STATES DISTRICT JUDGE

Date: April 24, 2024